■ In the Matter of ROBERT T. JEWETT, as Cortland County District Attorney, Petitioner, v WILLIAM F. AMES, as Cortland County Judge, et al., Respondents. [714 NYS2d 147] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) seeking to prohibit respondent Cortland County Judge from enforcing a discovery order compelling petitioner to disclose, *inter alia*, a rape victim's sexual history in an underlying criminal action.

In January 2000, respondent Albert Butler (hereinafter defendant) was indicted by a Cortland County Grand Jury and charged with, *inter alia*, rape in the first degree. Following his arraignment, defendant served upon the People a demand to produce pursuant to CPL 240.20 requiring, *inter alia*, evidence of the victim's prior sexual history and numerous other matter or material clearly not required to be disclosed upon demand. Petitioner thereafter served a bill of particulars and an answer to defendant's demand for discovery in which he declined to respond to those matters not provided for by CPL 240.20 (1) on the basis that such requests were either beyond the scope of

discovery under CPL article 240 or premature. As a consequence, defendant moved to compel disclosure and petitioner opposed such motion arguing, as to the demand for the victim's prior sexual history, that the Rape Shield Law (CPL 60.42) precluded defendant's discovery of such material. Respondent Cortland County Judge (hereinafter respondent) rendered a decision dated April 25, 2000 which, *inter alia*, granted defendant's motion and directed petitioner to answer defendant's discovery requests concerning the victim's prior sexual history. Petitioner thereafter commenced the instant CPLR article 78 proceeding seeking to prohibit respondent from enforcing that provision of his order.

Following commencement of this proceeding respondent, *sua sponte*, reconsidered his April 25, 2000 decision and order and rendered a subsequent decision dated May 11, 2000, in which respondent clarified his position, stating that it was his intent to require "the People to make a proper response to defendant's demands rather than declining to even address the demands on the basis of a statute [the Rape Shield Law] that has no relation to discovery". Respondent observed that in responding to defendant's demand to produce "the People could potentially and properly * * * answer[ ] that the material demanded is not in their possession * * * or declin[e] to answer and aver[ ] that the requests are beyond the scope of Article 240 and *Brady*-type disclosure * * * or in the alternative ask[ ] the Court to review 'potential' *Brady* material *in-camera* to make a determination" (emphasis in original).

Contrary to petitioner's contention, respondent's subsequent decision does, in fact, render this proceeding moot. There is no basis for prohibiting enforcement of the April 25, 2000 order to which this proceeding applies inasmuch as the May 11, 2000 superseding order provides for entirely different relief than that contained in the April 25, 2000 order. Were we to consider this proceeding in the context of the subsequent order (*cf.*, CPLR 5517 [b]), we would find that respondent has not acted in excess of his jurisdiction by requiring petitioner to respond, in writing, to defendant's demand to produce setting forth petitioner's reasons for refusing to comply therewith, inasmuch as that is a specific requirement of CPL article 240 (*see*, CPL 240.35).* Accordingly, the petition is dismissed.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

___

* We note, parenthetically, that petitioner did so refuse, in writing, on February 15, 2000, at which time he gave as his reason for noncompliance that defendant's requests were "beyond the scope of discovery under Article 240 of the CPL".